UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Quintana Joe Martinez, | Case No. 25-cv-2290 (ADM/DLM) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Steven John Tuhy, | |
| Defendant. | |

---

This case is before the Court on Plaintiff Quintana Joe Martinez's Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983 (Doc. 1) and application to proceed *in forma pauperis* ("IFP Application") (Doc. 2). For the reasons explained below, the Court recommends dismissing this case and denying the IFP Application as moot.

The complaint, prepared using a template form, names one defendant: Steven John Tuhy. (*See* Doc. 1 at 1.) Mr. Martinez claims that Mr. Tuhy exploited and abused him after Mr. Martinez's father died of cancer in 2019, when Mr. Martinez was 18. (*See id.* at 4–5.) Specifically, Mr. Martinez alleges that Mr. Tuhy intercepted and kept Mr. Martinez's Social Security disability checks; took life-insurance money that Mr. Martinez was owed from his father's policy; stole Mr. Martinez's belongings; and repeatedly physically assaulted Mr. Martinez while forcing him to live in Mr. Tuhy's home. He seeks compensatory damages of "not . . . less than $20,000." (*Id.* at 5.)

Instead of paying this action's filing fee, Mr. Martinez filed the IFP Application. The application suggests that Mr. Martinez may qualify financially for IFP status. That said,

Federal Rule of Civil Procedure 12(h)(3) requires the Court to dismiss any action if it lacks subject matter jurisdiction.[1] Unfortunately, this case appears to present such a jurisdictional issue.

There are two main ways for federal courts to have subject matter jurisdiction: "federal question" jurisdiction under 28 U.S.C. § 1331 and "diversity" jurisdiction under 28 U.S.C. § 1332. Under § 1331, federal-question jurisdiction typically exists only if the plaintiff's complaint shows that at least some of its claims depend on or arise from federal law. *See, e.g.*, *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Here, Mr. Martinez's claims seem to be state-law tort claims, and the defendant appears to be a private individual. (*See* Doc. 1 at 4–5.) Despite the superficial invocation of § 1983, Mr. Martinez's claims clearly do not rely on federal law, so the complaint does not establish federal-question jurisdiction.[2]

---

[1] Federal courts can only hear cases authorized by the Constitution or by federal law. *See, e.g.*, *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Generally, a plaintiff has the burden of showing that a federal court has jurisdiction. *See, e.g.*, *Kokkonen*, 511 U.S. at 377 (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182–83 (1936)).

[2] Mr. Martinez prepared the complaint using a template form, and that form's first page mentions 42 U.S.C. § 1983, a federal statute. But simply citing a federal law does not create federal-question jurisdiction. When a federal claim is clearly frivolous or without merit, a federal court must dismiss it for lack of subject-matter jurisdiction instead of addressing the merits. *See, e.g.*, *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 n.10 (2006) (citing cases). That rule applies here: any § 1983 claim in the complaint, at least as written, is frivolous. To bring a claim under § 1983, a plaintiff must allege that the defendant acted "under color of state law." *See, e.g.*, *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982) (cleaned up))). The complaint here provides no hint whatsoever as to how Mr. Tuhy acted under color of state law.

That leaves diversity jurisdiction. Under 28 U.S.C. § 1332(a)(1), federal courts can hear state-law claims if the amount in controversy exceeds $75,000 and there is "complete diversity"—meaning that every plaintiff is a citizen of a different state from every defendant. If any plaintiff shares the same state citizenship as any defendant, complete diversity does not exist and diversity jurisdiction is unavailable. *See, e.g.*, *Great River Ent., LLC v. Zurich Am. Ins. Co.*, 81 F.4th 1261, 1262–63 (8th Cir. 2023) (citing *Halsey v. Townsend Corp. of Ind.*, 20 F.4th 1222, 1226 (8th Cir. 2021)). Here, based on the complaint as written, the amount in controversy does not exceed $75,000, and Mr. Martinez and Mr. Tuhy are both Minnesota citizens. Diversity jurisdiction therefore does not exist.

The Court thus concludes that it lacks federal subject-matter jurisdiction over this case. It therefore recommends dismissing the case without prejudice and denying the IFP Application as moot.

### RECOMMENDATION

Based on the above, and on all of the files, records, and proceedings in this matter,

**IT IS RECOMMENDED** that:

1. Plaintiff Quintana Joe Martinez's Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983 (Doc. 1) be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction; and

2. Mr. Martinez's application to proceed *in forma pauperis* (Doc. 2) be **DENIED** as moot.

Date: June 4, 2025                                    *s/Douglas L. Micko*
                                                      DOUGLAS L. MICKO
                                                      United States Magistrate Judge

## NOTICE

**Filing Objections:** The Report and Recommendation component of this Order and Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).